IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00946-PAB

STEPHEN FRANCIS and
LESLIE FRANCIS,

 Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

 Defendant.
_____

**ORDER OF REMAND**
_____

This matter is before the Court *sua sponte* on defendant's Notice of Removal (the "Notice") [Docket No. 1]. In the Notice, defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). *See* Docket No. 1 at 2, ¶ 4.

Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

Defendant contends that the amount in controversy exceeds $75,000. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Here, the complaint does not include a sum certain damages request. Rather, it seeks "[s]uch actual damages as this Court may deem just and proper," costs and attorney's fees, exemplary damages, and interest. *See* Docket No. 3 at 3. The Court therefore must look to the Notice to determine if defendant has "affirmatively established" the amount in controversy. *See Laughlin*, 50 F.3d at 873. When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90.

In the Notice, defendant relies upon a document entitled Sworn Statement in Proof of Loss to Allstate Fire and Casualty Insurance Company ("Sworn Statement") [Docket No. 1-1] executed by plaintiff Stephen Francis. Mr. Francis calculated his losses to be $13,086.20. *See* Docket No. 1-1 at 1. This loss amount falls well short of the jurisdictional threshold. Defendant points out, however, that plaintiffs also seek their attorney and expert witness fees, but do not provide any estimate of what those fees might ultimately be. *See Tafoya v. American Family Mut. Ins. Co.*, No. 08-cv-01656-MSK-MEH, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) ("[T]he mere fact that attorney's fees might be awarded to the Plaintiffs does not establish that the

fees claimed (or found to have been reasonably incurred) would exceed $ 75,000."). Defendant also notes that plaintiffs seek exemplary damages but does not suggest what monetary value the Court should attach to plaintiffs' request. *See Nagim v. Abraham*, No. 11-cv-00731-REB-MEH, 2011 WL 1930399, at *2 (D. Colo. Apr. 5, 2011) ("Defendant merely alludes to the unspecified amount of punitive damages Plaintiff refers to in his request for relief. . . . Defendant fails to meet his burden of proof in articulating evidentiary grounds for the satisfaction of the jurisdictional minimum amount.").[1]

Other than the $13,086.20 loss estimate, the only piece of evidence defendant cites which references a specific amount is the state court civil cover sheet, where plaintiffs asserted their damages exceed $100,000. *See* Docket No. 1 at 3, ¶ 12. In this District, however, it is firmly established that state court civil cover sheets indicating that a plaintiff is "seeking a monetary judgment for more than $100,000 against another party" do not by themselves affirmatively establish the amount in controversy. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1210 (D. Colo. 2007); *Bauer v. Kipling*, No. 10-cv-01615-WYD-MEH, 2010 WL 2867868, at *2 (D. Colo. July 21, 2010); *Graff v. Allergan, Inc.*, No. 10-cv-01296-CMA-BNB, 2010 WL 2400063, at *1 (D. Colo. June 14, 2010); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1-2 (D. Colo. Feb. 9, 2009). Defendant presents no affidavits, admissions, interrogatory responses, or other sources of information other than the

---

[1]Defendant also cites plaintiffs' request for interest, *see* Docket No. 1 at 3, ¶ 11, thus ignoring the requirement that the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

state court civil cover sheet to provide a factual basis suggesting that the amount in controversy requirement is satisfied.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 954, 956 (10th Cir. 2008) (discussing documentation that may be proffered to demonstrate the amount in controversy).  Instead, defendant relies upon the Sworn Statement, a document suggesting that the requirement has *not* been satisfied.[2]  Thus, defendant fails to meet its burden of proving facts supporting removal pursuant to 28 U.S.C. § 1332(a).  Therefore, it is

**ORDERED** that this case is REMANDED to the District Court for the County of Adams, Colorado, where it was originally filed as Civil Action No. 2012 CV 271, Division A.

DATED April 11, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2]The Court also notes that, in regard to the citizenship of plaintiffs, defendant relies on the complaint's allegation that plaintiffs are "residents" of Colorado.  *See* Docket No. 1 at 2, ¶ 4.  A natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id.* at 1260.  The Notice, therefore, also fails to establish the citizenship of the natural person plaintiffs.